UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMAR LEASTON,
                    Plaintiff,

         v.                                              CIVIL ACTION NO. 14-12785-GAO

UMASS CORRECTIONAL HEALTH CARE, ET AL.,
                    Defendants.


MEMORANDUM AND ORDER

O'TOOLE, D.J.

BACKGROUND

        This action is one of many severed prisoner civil rights lawsuits alleging inadequate

medical care at MCI Norfolk.  See Stote, et al. v. UMASS Correctional Health Care, et al., C.A.

No. 13-10267-NMG (multi-prisoner suit).  On June 25, 2014, Judge Gorton issued a

Memorandum and Order (Docket No. 20) severing the individual prisoner claims into separate

cases.  The Memorandum and Order ("June Order") granted each plaintiff 60 days to pay the full

filing fee, or seek leave to proceed without prepayment of the fee.  Additionally, each plaintiff

who wished to file an Amended Complaint was granted an opportunity to do so within that 60-

day period.

        On October 23, 2014, plaintiff Jamar Leaston "Leaston"  filed a Motion for Leave to

Proceed in forma pauperis (Docket No. 6) along with his prison account statement.

Additionally, he filed a Motion for an Extension of Time (Docket No. 7) to file an Amended

Complaint.  By Memorandum and Order (Docket No. 8), this Court granted the Motion for

Leave to Proceed in forma pauperis and assessed the filing fee pursuant to the Prisoner

Litigation Reform Act ("PLRA").  See 28 U.S.C. § 1915(b).  This Court also outlined the various

pleading deficiencies under Rule 8 of the Federal Rules of Civil Procedure with respect to

Leaston's inadequate medical care claim, and declined to appoint *pro bono* counsel.  Leaston was directed file an Amended Complaint that set forth claims in accordance with Rule 8, by May 11, 2015.  On May 11, 2015, Leaston filed a Motion for an Extension of Time to File his Amended Complaint (Docket No. 11).  This Court allowed that motion by Electronic Order, on May 18, 2015 (Docket No. 12) and directed Leaston to file his Amended Complaint by August 17, 2015.

Also on May 18, 2015, this Court entered an Electronic Order (Docket No. 14) modifying the filing fee assessment previously made inasmuch as Leaston was not obligated to pay the $50.00 administrative fee of the Court, only the $350.00 filing fee.  Thus, the balance due after payment of the initial partial filing fee was $320.07, not $370.07.

On June 25, 2015, Leaston filed a Motion to Dismiss Complaint and Request for Return of Funds (Docket No. 15).  In that motion, Leaston states that he lacks sufficient knowledge to proceed with his case *pro se,* and he does not know whom he should sue.  He alleges that when the multi-prisoner suit was filed, he had guidance from a jailhouse lawyer to assist in filing pleadings.  He believed that the jailhouse lawyer would handle the entire action.  When the case was severed, however, he no longer had this assistance.  Moreover, Leaston alleges that he was transferred to the Souza Baranowski Correctional Center and all the material that should have been used in this case are in the possession of the person who originally filed the multi-prisoner suit.  He contends that he was never informed correctly about the implications of filing a civil action, nor was he informed as to what would occur during the litigation process.

Next, Leaston requests that this Court waive the balance of the filing fee assessed against him, and refund the amount of payments already made, totaling $132.37.  He contends that the money in his prison account was placed there by family and friends and, since he s serving a long sentence, those funds are needed for living expenses.  Attached to his motion is his prison

account statement reflecting that as of May 29, 2015, Leaston has $293.69 in his personal prison account, and $235.20 in his savings account. There are no holds on this account, nor outstanding loans or restitution owed.

## DISCUSSION

I.     Leaston's Motion to Dismiss Complaint

The Court construes Leaston's Motion to Dismiss Complaint as a Notice of Voluntary Dismissal pursuant to Rule 44(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Since no party has been served or answered, there is no need for a court order. Fed. R. Civ. P. 41(a)(1)(A).[1]

Accordingly, Leaston's Motion to Dismiss Complaint (Docket No. 15) shall be terminated as moot. This action shall be <u>DISMISSED</u> in its entirety without prejudice to Leaston seeking to reopen this case within 35 days of the date of this Memorandum and Order, by filing a Motion to Reopen with good cause shown, along with an Amended Complaint. This case shall be terminated from the Court's dockets.

II.     Leaston's Request for the Return of Funds

The PLRA has "change[d] the meaning of *in forma pauperis*" for prisoners. <u>Wooten v. District of Columbia Metro. Police Dept</u>., 129 F.3d 206, 207 (D.C. Cir. 1997). Pursuant to the PLRA, the only issue for a court presented with a prisoner complaint is whether the filing fee must be paid "up-front"" or whether the fee may be paid in installments through the inmate's prison account. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 604 (6th Cir. 1997). "Even a

---

[1]Leaston has based his Motion to Dismiss Complaint on the grounds that he cannot handle his case because he no longer can rely on the jailhouse lawyer who assisted him, and he lacks sufficient knowledge to proceed *pro se*. In light of this, it does not appear that his Motion to Dismiss Complaint is contingent on this Court's waiver of the filing fee and a refund of fees paid to date.

3

voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees.  Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed." Id. at 607.  See Purkey v. Green, 28 Fed. Appx. 736, 746 (10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits. . . . Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court.").

The purpose of the PLRA – to discourage prisoners from filing frivolous actions, Wooten, 129 F.3d at 207 -- would be undermined if a court were to order the return of the filing fee in the type of situation presented here, because it would allow a prisoner, unlike other litigants, to "test the waters" regarding the merits of any case without the adverse financial consequences associated with the filing fee.

Here, Leaston has substantially engaged the resources of this Court by filing the original case and various motions in the instant case, necessitating this Court to: (1) review of the Complaint in the Stote case and the June Order; (2) make rulings on the various motions; (3) issue a Memorandum and Order outlining the Rule 8 pleading deficiencies to Leaston; (4) make an assessment and calculation of the initial partial filing fee and balance due; (5) issue a Notice to Prison to advise the prison Treasurer's Office of the filing fee assessment; and (6) consider whether appointment of *pro bono* counsel was warranted.  Further, Leaston has engaged the resources of Clerk staff who scanned and docketed Leaston's filings, and docketed and mailed out the Court's Orders.

The filing fee -- which represents only a modest portion of the Court's cost of deploying its resources -- is a means to insure that resources are not consumed thoughtlessly.  There is no basis to relieve any prisoner of the consequences of an improvident filing simple because he has

4

decided not to pursue his claims further, and/or would rather used the funds that would be

applied to his filing fee assessment, in some other manner.

      The June Order expressly advised the prisoners that "[e]ach plaintiff will be responsible

for the full filing fee in his case." June Order (Docket No. 20 at 4). Moreover, at the conclusion

of the June Order, another caveat to prisoners who wished to proceed with their separate civil

actions, was provided. The June Order stated: "Any prisoner who is allowed to proceed without

prepayment of the filing fee will still be required to pay a $350.00 filing fee over time by making

installment payments, regardless of the outcome of the case." Id. at 8 citing 28 U.S.C. §

1915(b). Notably, on October 14, 2014, this Court issued a Procedural Order (Docket No. 4)

reminding Leaston of the June Order and the requirement that he pay the fee or seek a waiver of

the filing fee. By his actions in filing an *in forma pauperis* motion and prison account statement,

as well as a motion to extend time to file an Amended Complaint, Leaston evidence that he had

made the decision to pursue this severed civil action. Under these circumstances, there is

nothing inherently unfair in assessing the full filing fee.

      For all of these reasons, this Court will <u>DENY</u> Leaston's Request for the Return of Funds

(Docket No. 15) in its entirety.

<u>CONCLUSION AND ORDER</u>

      Based on the foregoing, it is hereby Ordered that:

1.    Plaintiff's Motion to Dismiss Complaint (Docket No. 15) is construed as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 44(a)(1)(A)(i). The motion is <u>TERMINATED</u> as moot in view of this construction.

2.    Plaintiff's Request for Return of Funds (Docket No. 15) is <u>DENIED</u>. Plaintiff remains obligated to pay the entire filing fee assessed pursuant to the Memorandum and Order (Docket No. 8), as amended by Electronic Order (Docket No. 14).

3.    This action is <u>DISMISSED</u> in its entirety without prejudice to plaintiff seeking to reopen this action within 35 days of the date of this Memorandum and Order, by filing a Motion

to Reopen Civil Action, along with an Amended Complaint that complies with Fed. R. Civ. P. 8.  The Clerk shall terminate this action from the Court's dockets.


SO ORDERED.

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE


DATED: July 14, 2015